## ROSHING *v*. CHANDLER.

To render an assignor of a chose in action not party to the record incompetent as a witness, it must appear that the assignment was for the purpose of making him a witness to support the claim; and if there are no circumstances of that character, it lies on the party objecting to show them.

IN error from the Common Pleas of Union county.

*July* 22. On a feigned issue, to try the validity of judgment in favour of Chandler against one Spieglemoyer, it appeared, that a note payable in one year from date, with a warrant of attorney to confess judgment, was given in August, 1843, and judgment immediately entered. This was assigned to Snyder; in July, 1844; in October, to Gundrum, after payment of a claim of Cummings; and in December, Gundrum assigned it to Swengle, and guarantied the payment.

Barber was called by the plaintiff, in his rebutting testimony, to prove the consideration. His admission was the only point noticed here. The defendant had previously called Glover, who stated, he was present at the execution of the note, and saw no money pass; that Barber and Spieglemoyer had had a settlement, and he saw no other note but this one to Chandler; that in the winter of 1843, Barber offered to sell it, and had it in his possession in the spring before the trial; that he had seen a paper signed by Spieglemoyer to Gundrum, saying the judgment was all right. This Spieglemoyer refused to sign, unless Barber would make some other satisfaction to him; that in consideration of the paper to Gundrum, Barber gave him a paper to indemnify him. On cross-examination, the witness said, he could not say that the giving of the paper had any thing to do with the consideration of the judgment; that Spieglemoyer refused to settle it, claiming a balance, and spoke of his liability as bail for Barber and Wolf.

The paper referred to was an acknowledgment of full value received for the judgment above referred to, signed November, 1844.

The indemnity was a joint obligation by Barber and Glover, to pay to Spieglemoyer all sums which he should make it appear he had paid by assumption or security for Barber, or Barber and Wolf, signed and sealed the same day with the last.

The exception to Barber's testimony was "to his competency, on the ground of interest, having given the guaranty in evidence." (See paper in evidence, and the testimony of Glover.)

The witness proved the note was taken in Chandler's name, for his use for a balance due.

*Slenker* and *Jordan*, for plaintiff in error.—Barber was the equitable owner of the judgment, and not a competent witness. He was offered expressly to show that he was the owner of the judgment. Although there had been several assignments of the judgment, still he continued to be the equitable owner of the judgment. He could not in any way be divested of his interest in the judgment, so as to make him a competent witness. Post *v.* Avery, 5 Watts & Serg. 509; Leiper *v.* Pearce, 6 Watts & Serg. 555; Patterson *v.* Reed, 7 Watts & Serg. 146; Reading Railroad *v.* Johnson, Ibid. 325; Cochran *v.* McTeague, 8 Watts & Serg. 272; Phinney *v.* Hanson, 1 Barr, 173; McClelland *v.* Mahon, Ibid. 364; Wolf *v.* Fink, Ibid. 435; Gallagher *v.* Miller, 3 Penna. Rep. 177; Culbertson *v.* Alexander, 5 Watts, 496; Armstrong *v.* City of Lancaster, Ibid. 68; Pur. Dig. 5th ed. 49; Act of 23d April, 1829.

*Swineford* and *Bellas,* contrà.—The main question below was, whether this judgment were not fraudulent, and given by collusion to Chandler, to defraud creditors.

Barber's name is not on the record. The judgment was transferred by Chandler, the legal owner, to Snyder, and by Snyder to another.

No recourse could have been had in any event to Barber, for the payment of the judgment.

The verdict in this suit could never have affected Barber. There was no understanding or intention at the time the judgment was given to Chandler, instead of to Barber, to manufacture testimony. It was not dreamed of, that there would ever be a necessity to offer Barber as a witness. It was not foreseen that Spieglemoyer was to become insolvent.

In Bennett *v.* Tetherington, 16 Serg. & Rawle, 193, it was held, that one not interested in the legal consequences of a judgment, is a competent witness.

*July* 31. SERGEANT, J.—The only matter relied on by the plaintiff in error, is the admission of Robert Barber as a witness for the plaintiff below. There does not appear in the case, as it stands before us, sufficient evidence to warrant the conclusion that the assignment by Chandler, who was nominally the payee, but really a trustee for Barber, was executed with the intention of making Barber a witness to support the judgment: and, unless something

appears to induce a belief of such intent, the rule precluding an assignor from becoming a witness in favour of his assignee, does not apply. It was never determined that an assignor could not, under any circumstances, be such a witness, nor is there any reason for it. When the assignment is made at such time, and under such circumstances, as lead to no suspicion of collusion, the assignor may be a witness, unless he is a party to the record, or excluded by interest or other ordinary objections to his competency. Here the judgment was entered upon the 10th of August, 1843, and transferred to Charles A. Snyder, on the 5th of July, 1844, at a time when, so far as we know, no contest existed concerning the validity of the judgment. If there were circumstances of that character, it lay on the party objecting to show them, by examining the witness on his *voire dire* or by evidence *aliunde*. Judgment affirmed.